## W. J. LUDDY
### v.
### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1905—Rehearing denied Feb. 21, 1906.*

1. CONSTABLES—*constable has no right to do illegal acts because he has a writ.* The fact that a man is a constable and has a writ regular on its face does not justify him in doing illegal and unlawful acts under the cloak of such authority.

2. SAME—*when a constable is guilty of larceny.* A constable who, in conspiracy with a justice of the peace and a collection agent, seizes goods on a writ issued on a void judgment for claims which had been paid, as shown by receipts filed with the justice but destroyed by him, taking the goods away in a van on which the name was covered, and afterwards concealing himself to prevent demand for the return of the goods, which were subsequently found, after a pretended sale, where they had been hidden by the justice and constable, is guilty of larceny.

CARTWRIGHT, C. J., and MAGRUDER and BOGGS, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

W. G. ANDERSON, for plaintiff in error.

WILLIAM H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the February term, 1905, of the criminal court of Cook county the grand jury returned an indictment charging the plaintiff in error, W. J. Luddy, with stealing certain goods and chattels, the property of Lucy J. Kimball. Upon a trial before the court and a jury he was found guilty as charged and the value of the property was fixed at $500. A motion for a new trial was overruled and Luddy was sentenced to imprisonment in the penitentiary at Joliet. To reverse that judgment this writ of error has been prosecuted.

The plaintiff in error, at the time of the alleged theft and at the time of his conviction and sentence, was a duly elected, qualified and acting constable of Cook county. He had an office at room 405, No. 95 Washington street, in Chicago, together with one George Frankenberg, who was conducting a collection agency. John R. McDonnell, a justice of the peace of the town of Lyons, Cook county, kept his docket at No. 155 on the same street. One H. C. Kimball had been engaged in the laundry business and failed, owing certain persons for labor. These claims were placed in the hands of Frankenberg for collection. The claims were paid by Kimball before suit was commenced and the receipts exhibited by him to Frankenberg. Notwithstanding this fact Frankenberg began suit before McDonnell on the claims, and at the trial Kimball appeared and presented his receipts to the justice, who nevertheless rendered judgment against him. Frankenberg sued out an immediate execution, which upon its face was for labor, and was placed in the hands of plaintiff in error, Luddy, who went to the house where Kimball resided with his wife, Lucy J. Kimball. The family was absent, and the domestic in charge was informed by Luddy

that he was there for the purpose of making a levy under the execution. She notified him that the property belonged to Mrs. Kimball. Luddy nevertheless loaded the goods into a moving van which he had brought for the purpose of removing them. The name on the side of the van was covered so that the vehicle could not be identified. Upon the return of Lucy J. Kimball to her home she went to the office of the plaintiff in error to demand her goods, but he was not there. She went to his office on several other occasions and also sent her attorney, but Luddy could not be found. She then sent him a registered letter, notifying him that the goods were hers and requesting him to return them; also that the judgment upon which the execution had been issued was paid, and evidence of that fact had been filed with the justice. The carrier to whom this registered letter was given for delivery to Luddy went to his office a number of times but failed to find him, and finally left a notice at his office requesting him to go to the post-office and get the letter, which he failed to do. Twenty-five or thirty days after the levy Mrs. Kimball went to the house of Frankenberg and there found the more valuable articles which had been taken from her house. Other portions of the goods were found even at the time of Luddy's trial, where they had been concealed by him. Other articles were found stored in a vault in Frankenberg's office. During all the time Mrs. Kimball was trying to locate Luddy at his office he and Frankenberg met there daily.

As a ground of reversal it is contended that plaintiff in error should be protected because he was a duly elected, authorized and acting constable; that the execution was regular upon its face; that he was merely doing his duty; that he had no legal notice of Mrs. Kimball's ownership of the goods until after the sale; also that the evidence does not sustain the verdict. There can be no doubt but that a constable acting in good faith under a writ regular upon its face will be protected in a reasonable and lawful performance

of his duty, and if that were the only question presented in this case it would be easy of solution. But the fact that a man is a constable and holds a writ regular on its face does not authorize him to do illegal and unlawful acts under the cloak of such authority. The mere fact that he is an officer should be a sufficient guaranty that he will act lawfully and that people who have to deal with him will be protected in their rights. If he steps over the bounds of his duty and arbitrarily and unlawfully does things which he is prohibited from doing, it is all the more reason why he should be punished for his illegal acts.

The only question for determination in this case is whether the plaintiff in error was proven guilty of larceny as charged in the indictment. The evidence tends very strongly to show, and would justify the finding, that the justice, constable and Frankenberg were all in a conspiracy from the beginning to get possession of the goods in question unlawfully. The judgment itself was rendered wrongfully and against positive proof that the account on which it was based had been fully paid. The receipts showing payment were filed with the justice and were afterwards destroyed by him. Although the judgment may have been improperly rendered, still if the plaintiff in error had performed only his duty he would be justifiable under his writ, but when he went to the house to get the goods he concealed the name of the van, and after he got possession of the goods evaded and concealed himself from the rightful owner. The inquiry naturally arises, if he was acting under a proper writ and only doing his duty why did he do this? He knew, or was bound to know, that the owner of the goods had a right to make a demand upon him for their possession, and it was his duty as an officer to conduct himself in such a manner that she could find him if she so desired, by a reasonable effort on her part. When an officer hides himself so that he cannot be found and proper notice served upon him, as the evidence in this case shows the plaintiff in error did, he

violates the plain provision of the law as well as his oath of office. The evidence also shows that even after the goods had been taken and a pretended sale made, a part of them were found where they had been concealed by plaintiff in error and Frankenberg. The concealment of the goods, or a part of them, was very strong evidence of the felonious intent on the part of those hiding them. The evidence and all of the circumstances surrounding the case indicate a deliberate intent on the part of plaintiff in error and his confederates to unlawfully steal, take and carry away the property of the owner, rather than a purpose to take it for the satisfaction of a debt under process of law. This is not a case of the mere abuse of process, but one in which the officer attempted to use his writ to cover up a criminal offense.

The evidence in this case amply sustains the conviction, and the judgment will be affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and MAGRUDER and BOGGS, JJ., dissenting.